**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACOB EDWARD HOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1173 AGF |
| | ) | |
| STATE OF MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of the complaint filed by self-represented Plaintiff Jacob Edward Hover, an inmate at Farmington Correctional Center in Farmington, Missouri.  For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this case against the State of Missouri Department of Corrections ("MDOC") and the director of MDOC, Anne L. Precythe.   Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983, stemming from an assault by MDOC correctional officers. Plaintiff states that the assault occurred in July of 2021 when he was incarcerated at Ozark Correctional Center ("OCC").   OCC is located in Webster County, Missouri which is in the Western District of Missouri.   *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   Here, Plaintiff's claims arise entirely from events which occurred during his incarceration in the Western District of Missouri.   Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Furthermore, Plaintiff has two pending motions before the Court.   Plaintiff filed an application to proceed in district court without prepaying fees or costs.   ECF No. 3.   Having reviewed the application and the financial information submitted in support, the Court will grant the motion to proceed *in forma pauperis* subject to modification by the United States District Court for the Western District of Missouri.   *See* 28 U.S.C. § 1915(a).   Plaintiff also filed a motion for appointment of counsel.   ECF No. 2.   However, there is no constitutional or statutory right to appointed counsel in civil cases.   *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).   As such, the Court will deny Plaintiff's motion for appointment of counsel without prejudice at this time, subject to refiling in the transferee court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.   *See* 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 3] is **GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice** at this time.

Dated this 10th day of November, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE